UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

XIUMING ZHANG,

Petitioner,

v.

BRUCE SCOTT, et al.,

Respondent.

CASE NO. 2:26-cv-04192-BAT

**ORDER DENYING PETITION AND DISMISSING CASE, DKT. 1. AND DENYING MOTION FOR TRO, DKT. 12.**

On October 29, 2026, Petitioner filed an Emergency § 2241 Petition for Writ of Habeas Corpus requesting the Court enjoin Respondents from removing her from the district and order her release from immigration detention. Dkt. 1. The Court **DENIES** the § 2241 petition and **DISMISSES** it without prejudice. Consequently, the Court **DENIES the Motion for TRO, Dkt. 12,** and dissolves the order provisionally granting the TRO, Dkt. 14.

Petitioner a citizen of China was taken into immigration custody on June 17, 2026. She filed her first § 2241 petition on June 23, 2026. On July 16, 2026, the Court ordered Respondents to provide her with a bond hearing; the same day, Petitioner was ordered removed to China and the order became final as she waived appeal. On August 20, 2026, an immigration judge (IJ) denied bond on the grounds Petitioner was both a danger to community and a flight risk. Petitioner did not appeal the denial of bond. Respondents planned to remove Petitioner about

October 30, 2026, but Petitioner filed the present § 2241 petition and the Court provisionally granted a temporary restraining order (TRO); Petitioner also filed a motion to reopen removal proceedings, which was denied on November 5, 2026.

There is no dispute a final order of removal was entered on July 16, 2026 and Petitioner's detention is thus governed by 8 U.S.C. § 1231(a)(6). Once a noncitizen has a final removal order that is not subject to a judicial stay, detention authority shifts to 8 U.S.C. § 1231(a). *See Diouf v. Napolitano*, 634 F.3d 1081, 1085 (9th Cir. 2011); 8 U.S.C. § 1231(a)(1)(B). Section 1231(a) provides "the Attorney General shall remove the alien from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A). "During the removal period, the Attorney General shall detain the alien." Id. § 1231(a)(2). Certain individuals—such as those who are convicted criminals, terrorists, or who are otherwise "determined by the Attorney General to be a risk to the community or unlikely to comply with the order or removal"— "may be detained beyond the removal period." *Id*. § 1231(a)(6).

Petitioner final order of removal was entered on July 16, 2026 and she was thus subject to mandatory removal until October 14, 2026. However, the Supreme Court has held a person detained under § 1231 should be held only for a period reasonably necessary to bring about removal from the United States, and this period is presumptively six months. *Zadvydas v. Davis*, at 2281-82. Under *Zadvydas*, is a person is held longer that this six-month period, and if the noncitizen provides good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701. If the government fails to rebut the noncitizen's showing, the noncitizen is entitled to habeas relief.

Here, Respondents contend Petitioner has not alleged there is no significant likelihood of

removal in the reasonably foreseeable future and such a claim cannot be sustained because Respondents have "manifested" Petitioner to be removed as recently as October 30, 2026.

However, Petitioner contends while she is detained under § 1231, her "detention arises from removal proceedings she claims violated her statutory and constitutional rights to counsel"; the existence of a final order of removal does not alone establish her detention comports with her right to due process under *Zadvydas*; and the IJ's denial of bond is constitutionally infirm. *See* Traverse at Dkt 19. While the Court appreciates Petitioner desperately seeks to be released from custody and desperately seeks to avoid removal, the Court must apply the law which does not support Petitioner's claims for relief.

First, the Court lacks jurisdiction to address Petitioner's claim her detention arises from removal proceedings in which her rights were violated. "Congress has clearly provided that all claims—whether statutory or constitutional—that "aris[e] from" immigration removal proceedings can only be brought through the petition for review process in the federal courts of appeals." *J.E.F.M. v. Lynch*, 837 F.3d 1026 (9th Cir. 2016). Even claims indirectly challenging a removal order must be channeled through the appellate court. *See Martinez v. Napolitano*, 704 F.3d 620, 622 (9th Cir. 2012). If a noncitizen's claim challenges the procedure and substance of an agency determination that is inextricably linked to the order of removal, a district court's review of the claim is prohibited. *Id*. at 623. Here, Petitioner's habeas claim for release is directly linked to her removal proceedings and the Court accordingly lacks the jurisdiction to grant relief.

Second, while it is true the "existence" of a final order of removal does not alone strip a noncitizen of all due process rights, Petitioner fails to show her detention actually violates he right to due process. After Petitioner was initially detained, the habeas relief the Court granted was a bond hearing, not release. Further following Petitioner's initial detention, a final order of

removal was issued and her detention has from that point on governed by § 1231(a). Petitioner's due process rights, as articulated in *Zadvydas* have not been violated because her detention under § 1231 is mandatory for the initial 90-day removal period, and her continued detention is presumptively reasonable for the six months following entry of the final order of removal —a period which started on July 16, 2026 and ends on January 16, 2027.

And lastly, Petitioner contends in her traverse the IJ's denial of bond is constitutionally infirm, and she should thus be released. Petitioner did not assert this claim in her habeas petition and thus improperly raises it in his traverse. *See e.g. Cacoperdo v. Demosthenes,* 37 F.3d 504, 507 (9th Cir. 1994) ("A Traverse is not the proper pleading to raise additional grounds for relief."). Moreover, Petitioner is indisputably subject to detention under § 1231 and her current detention does not currently violate due process under *Zadvydas*.

The Court accordingly **DENIES** the writ of habeas corpus and **DISMISSES** the matter without prejudice. The Court finds dismissal without prejudice is appropriate so that Petitioner can again petition for relief in the event, Petitioner's detention becomes unconstitutionally prolonged under *Zadvydas*. The Court also denies the motion for TRO, Dkt. 12, and dissolves the order provisionally granting the TRO, at Dkt. 14

DATED this 23rd day of November, 2026.

BRIAN A. TSUCHIDA
United States Magistrate Judge